The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Doug Berger. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except for minor modifications to the Findings of Fact, Conclusion of Law and the Award herein.
* * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. All stipulations contained in the Pre-Trial Agreement are received into evidence.
2. Employment Records for the plaintiff were marked as Stipulated Exhibit No. 1 and received into evidence (thirty-three pages).
3. Medical records from the University of North Carolina Hand Rehabilitation Center marked as Stipulated Exhibit No. 2 were received into evidence (three pages).
4. Medical records from Dr. Patrick Guiteras and Dr. Rick Suberman marked as Stipulated Exhibit No. 3 were received into evidence (three pages).
5. Medical records from the University of North Carolina Family Practice Center marked as Stipulated Exhibit No. 4 were received into evidence (forty-five pages).
6. Physical therapy records marked as Stipulated Exhibit No. 5 were received into evidence (three pages).
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the hearing, plaintiff was a 58-year-old female with a master's degree in environmental sciences and engineering. Plaintiff was employed by the defendant-employer as an engineering aide. Plaintiff's duties included assisting the town surveyor, performing computations, surveying and inspecting work, and carrying equipment and measuring boundaries with different pieces of equipment.
2. On June 10, 1992 plaintiff was assisting town surveyor, Tom Bick, in the public works parking lot. The plaintiff was responsible for holding a surveyor's chain (steel tape) steady while Tom Bick was pulling on the chain to create tension. Mr. Bick pulled the chain and the plaintiff testified that she felt pain in her right hand. Plaintiff did not inform Mr. Bick that she was experiencing pain in her right hand or her right shoulder.
3. It was an usual and customary duty for the plaintiff to hold the surveyor's chain while the town surveyor pulled the chain.
4. The town surveyor pulled the chain held by the plaintiff in the usual and customary manner that he had pulled the chain on previous occasions while the plaintiff held the chain.
5. On June 10, 1992, after the above-described incident, plaintiff pinched her left thumb while attempting to fold the surveyor's tripod. Plaintiff's injury to her thumb was due to an unusual and unexpected or fortuitous occurrence and thus constituted an injury by accident. Plaintiff immediately reported this injury to a supervisor and care was received from Dr. Weir on June 11, 1992. Plaintiff sustained no disability resulting from this injury.
6. On June 11, 1992 plaintiff notified her supervisor that she was unable to open and close her right hand after having held the chain pulled by the town surveyor on the previous day. Plaintiff made no complaint of right shoulder pain, elbow pain or neck pain to her supervisor.
7. On June 11, 1992 plaintiff received medical treatment from Dr. Sam Weir at the Family Practice Center in Chapel Hill. Based upon the medical notes from Dr. Weir, plaintiff reported and was treated for surface wounds to her left thumb. Plaintiff also reported that her left hand was sore and that she was unable to form a fist with that hand. Upon examination of plaintiff's left hand, Dr. Weir found no evidence of a bruise, swelling, warmth or focal tenderness in plaintiff's left hand. Plaintiff testified at hearing that the soreness and inability to form a fist was to her right hand. At said time plaintiff made no complaints of right shoulder, elbow pain or neck pain.
8. Plaintiff continued to work for three months without receiving medical attention for her left hand, shoulder, neck or elbow.
9. On September 17, 1992 plaintiff sought medical treatment for neck pain, right shoulder, arm and hand pain from Dr. Franklin Hargett. Plaintiff reported that she experienced pain in her right shoulder while carrying equipment at work. Plaintiff attributed the onset of said pain to the June 10, 1992 chain pulling incident at work.
10. The Full Commission finds that plaintiff was performing her required duties in the usual and customary manner when she was holding the surveyor's chain. Therefore, the Full Commission finds that plaintiff suffered no injury by accident to her shoulder, neck, or elbow on June 10, 1992 or thereafter arising out of or in the course and scope of her employment.
11. Plaintiff has not proven by the greater weight of the evidence that her shoulder, neck, elbow, and hand pain and other symptoms were causally related to the work-related incident on June 10, 1992, or due to causes and conditions which are characteristic of and peculiar to a particular trade, occupation or employment, but excluding all ordinary diseases of life to which the general public is equally exposed outside of the employment.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On June 10, 1992 plaintiff was performing her regular duties in the usual and customary manner when she was holding the surveyor's chain. If an employee is performing her usual duties in the usual and customary manner, and is injured, there is no accident; and the injury is not compensable. N.C.G.S. § 97-2 (6).
2. On June 10, 1992 plaintiff sustained an injury by accident when her left thumb was pinched while attempting to fold the surveyor's tripod. Plaintiff sustained no disability arising from the injury. N.C.G.S. § 97-2 (6).
3. Plaintiff has failed to prove by the greater weight of the evidence that the shoulder, neck, elbow, and hand pain treated by Dr. Franklin Hargett was causally related to the work-related incident on June 10, 1992. Plaintiff has not sustained an occupational disease which were due to causes and conditions which are characteristic of and peculiar to a particular trade, occupation or employment, but excluding all ordinary diseases of life to which the general public is equally exposed outside of the employment. N.C.G.S. § 97-53 (13).
4. Plaintiff is entitled to all medical expenses which she incurred as a result of her injury by accident on June 10, 1992 to her left thumb.
* * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
AWARD
1. Plaintiff is not entitled to compensation for the injury by accident to her left thumb on June 10, 1992.
2. Defendants shall pay medical expenses only for treatment received by plaintiff for the injury by accident which occurred on June 10, 1992 to her left thumb.
3. Plaintiff's claim that the pain to her neck, shoulder, elbow and hand was due to an injury by accident and/or an occupational disease is DENIED.
4. Defendants shall pay the costs.
FOR THE FULL COMMISSION
 S/ ________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ ___________________ BERNADINE S. BALLANCE COMMISSIONER
S/ ________________ DIANNE C. SELLERS COMMISSIONER
CMV/cnp/mj 1/29/96